IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL W. MITCHELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00409-DRH-DGW |
| ) | |
| **STEAK N' SHAKE ENTERPRISES, INC.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILKERSON, Magistrate Judge**

Pending before the Court is Defendant's Motion for Discovery (Doc. 36). On March 23, 2018 an in person discovery dispute conference was held before Magistrate Judge Donald G. Wilkerson. The Court entered an Order requiring, among other things, that Defendant submit for in camera review an un-redacted copy of all documents listed in the privilege log attached to Defendant's Response to Plaintiff's First Request for Production, and un-redacted copies of the documents responding to Plaintiff's First Request for Production of Documents (Doc. 34). Defendant submitted the documents and a memorandum of law in support of its argument the documents are privileged. For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART.**

The work-product doctrine generally protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(a); *see generally Hickman v. Taylor*, 329 U.S. 495 (1947). The privilege serves two purposes, to "protect an attorney's thought processes and mental impressions against disclosure" and "to limit the circumstances in which attorneys may piggyback on the

fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621–22 (7th Cir. 2010).

The party asserting work-product protection carries the burden of demonstrating its applicability. *See Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir.1983). The threshold question is whether the materials sought to be protected from disclosure were in fact prepared in anticipation of litigation." *Id.* at 1118. The fact that litigation eventually results, however, does not retroactively result in materials being covered by the work product privilege. *Logan v. Commercial Union Ins. Co.*, 96 F. 3d 971, 976 (7th Cir. 1996). Precautionary documents developed for the remote possibility of future litigation are not considered work product. *Sandra T.E.,* 600 F.3d at 622.

Based on a review of the submitted documents, the Court finds the Incident Report dated April 10, 2015 was not prepared in anticipation of litigation. The document was filled out on the same day as the incident and five days before any interviews were conducted by counsel. Defendant argues the document should be privileged however, because the type of injuries sustained meant the prospect of litigation was not remote. First, the Court declines to assume the seriousness of an injury *per se* makes litigation likely. Second, the document itself appears to be a standard form employees are required to fill out to report an injury regardless of the seriousness of the situation. In fact, the only mention of an injury in the form is that of a "hurt leg." Thus, the Incident Report appears to be just the type of precautionary document that is not covered by work product.

Conversely, the remaining three documents on the privilege log[1] are protected by attorney work product. All three statements were made directly to counsel for the purpose of determining

---

[1] The documents are identified as follows: (1) Statement of Cassidy Baker, April 17, 2015; (2) Statement of Brent Collins, April 15, 2015; and (3) Statement of Jessica Carmack, April 15, 2015.

the extent of Defendants' liability. Thus, the Court finds they are privileged.

Finally, in its original response to Plaintiff's First Request for Production of Documents, Defendant produced two pages of highly redacted documents titled "Sanitation/Safety Task Outline." Defendants have not explained why the redactions are necessary, other than a vague statement during the hearing about relevance. The Court has reviewed the documents and finds they are discoverable.

## CONCLUSION

Defendant's Motion for Discovery (Doc. 36) is **GRANTED IN PART AND DENIED IN PART.** Defendant is **ORDERED** to **SUPPLEMENT** its response to Plaintiff's First Request for Production with a copy of the Guest Incident Report dated April 10, 2015 and an un-redacted copy of the "Sanitation/Safety Task Outline."

**SO ORDERED.**

**DATED: April 2, 2018**

                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**